Nioholsojst, C. J.,
delivered the opinion of the Court.
The facts in this case agreed upon by the parties, and necessary to be noticed in determining the questions raised, are as follows:
The city of Memphis has been for many years a municipal corporation, regularly chartered and organized. On the 18th of December, 1866, the Mayor and Aldermen passed an ordinance to create a board of commissioners for the erection, care, and maintenance of the Memphis water works. The commissioners were appointed and organized, and entered on the discharge of their duties, and made reports from time to time to the Mayor and Aldermen, the last of which was made in April, 1869, when a plan of constructing water works was reported and adopted by the Board of Mayor and Aldermen. The commissioners caused surveys, maps, drawings, measurements, and estimates to be made, preparatory to commencing the actual construction of the water works. In these prepara *526 tory steps, tbe city of Memphis expended $30,000 prior to the 28th of February, 1870, at which time the city had not commenced the actual construction of water works. No contracts, as contemplated, by reports of the commissioners, were made or entered into, and no advertisement for proposals had been made as contemplated by said reports. The want of available means by the city and the financial distress and disturbed condition of the country were the causes of the non-prosecution of .the building of water works by the city.
On the 28th of February, 1870, the Legislature granted a charter of incorporation . to the Memphis Water Company for the purpose of supplying water to the city of Memphis and the inhabitants thereof by means of public works. The water company, claiming the right to do so under its charter, immediately on its organization expended sums of money in and about the construction of its water works in the city of Memphis, and proceeded to take up the pavements and sidewalks, and to use the streets, lanes, and alleys of the city for the purpose of laying down its pipes, aqueducts, and conductors, and constructing its water works under its charter, without the consent and in opposition to the will of the General Council of the city of Memphis, and without making compensation therefor to the city, or to the adjacent property owners.
After the Water Company entered upon the construction of its water works under its charter, the city of Memphis commenced to erect water works for the *527 purpose of supplying the city and its inhabitants with water, and proceeded to erect, the same on its own account, in violation of the provisions of the charter of the Water Company, which declares that the privileges granted it are exclusive for the period of thirty years, claiming that the city has the right to do so under the city charter, which the Water Company, on its part, denies, and insists that the action of the city is an invasion of its rights under its charter.
These are the material facts, agreed on and submitted to the Court below for adjudication. The Court below decided the case against the city of Memphis, and it appeals to this Court.
We have devoted as much time to the investigation of the important legal questions involved in this case as was practicable, in view of the heavy pressure of business now upon ns. But our labor has been so materially aided and lessened by the elaborate and exhaustive printed arguments on both sides, that we are enabled to announce the results to which we have arrived. We have not the time, however, to discuss the several questions so ably and ingeniously argued, but must be content to state the several propositions of law which are decisive of the case.
1. The city of Memphis is a municipal or public corporation. As contra-distinguished from a private corporation, municipal or public grants of franchises are always subject to the control of the legislative power for the purpose of amendment, modification, or entire revocation; 5 Hum., 241; 3 Head, 317; Cooley’s Const. Lim., 192.
*528 2. The erection of water works, to supply a city and its inhabitants with water, falls naturally and legitimately within the ordinary powers of its charter of incorporation; and the exercise of this power within the limits of its charter, needs no enabling act by the Legislature. It is, therefore, one of the powers of the corporation subject to amendment, modification, limitation, or revocation by the Legislature. To what extent, if at all, the Legislature can interfere witb interests acquired and vested in the due exercise of its corporate powers by a public corporation, presents a question not. now necessary to be examined or determined : 9 Hum., 268; 11 Hum., 582.
3. The repeal, or revocation, or modification of the powers of a municipal corporation may be effected, either expressly or by necessary implication, by subsequent legislation. Hence, if the act of 28th February, 1870, incorporating the Memphis Water Company, with exclusive powers to erect water works in Memphis, and supply the city and its inhabitants with water, was a valid and constitutional exercise of legislative power, it operated, by necessary implication, as a revocation of the power of the city corporation to erect water works for the same purposes.
4. The Memphis Water Works Company is a private corporation, and upon the acceptance of its char ter by the corporators and their organization under it, a contract was thereby consummated between the State and the corporators which was beyond the reach of subsequent legislative interference. It is conceded that by its express terms, the privilege granted to the *529 Memphis Water Company for thirty years is exclusive. What provision of the Constitution forbids the granting of a charter with an exclusive privilege? The Legislature has the right to do whatever is not expressly, or by necessary implication, forbidden by the Constitution: 8 Hum., 1; Cooley’s Const. Lim., 87-158-173.
5. By sec. 22, art. 1, Constitution of 1834, “per-petuities and monopolies are contrary to the genius of a free State, and shall not be allowed.” The charter of the Memphis Water Company limits the duration of the corporation to ninety-nine years, with exclusive privilege for thirty years. It does not, -therefore, create a perpetuity. Does it create a monopoly by securing to the company the exclusive privilege of supplying the city with water by means of water works ?
We know of no better definition of a monopoly, than that given by Lord Coke, and adopted by the Supreme Court in the case of Charles River Bridge v. Warren Bridge, 11 Peters, 707: “A monopoly is an exclusive right granted to a few, of something which was before of common right — so that it is not a case of monopoly, if the subject had not the common right or liberty before, to do the act, or possess or enjoy the privilege or franchise granted as a common right.”
The question then is narrowed down to the inquiry, did the individuals composing the Memphis Water Company have the right, before their incorporation, in common with all others, to erect water works in Memphis, to take up pavements, occupy the streets and do *530 such things as were necessary and proper, in completing their water works ? It is clear that none had the right to do these things except the city of Memphis, by virtue of its corporate powers; and this right, on the part of the city, was exclusive until it was taken away by the Legislature and transferred to the Memphis Water Company. It is no more a monopoly when conferred on the water company, than when it belonged to the city of Memphis. It was an exclusive privilege when exercised by the city, but it was not a monopoly. It is an exclusive privelege in the Memphis Water Company, but not a monopoly: 4 Blachs., 159; 31 Maryl. B,., 346.
6. Is the exclusive privilege granted by its charter to the Memphis Water Company forbidden by sec. 7, art. 11, of the Constitution? It would be, difficult to show that the privileges secured to the Water Company are not embraced within the prohibitions of this-section — but it is even more clear, that the power to grant an act of incorporation is forbidden by the language of the body of this section. The proviso to the section, however, gives the power to grant charters of incorporation, and for the purpose of enabling the Legislature thereby to grant exclusive privileges, which, but for the proviso, would be prohibited by the body of the section. In this grant of power 'to create corporations, there is no limitation on its powers, at least, as curtailed by the general terms of the section. The Legislature is required to consult “ the public good” in granting charters: 1 Sneed, 115; 4 Col. 414; Cooley’s Con. Lim., 281.
*531 7. The streets, alleys, and pavements of the city of Memphis, had been dedicated to the public as easements, and placed by the charter of the city under the control and management of the city authorities. If the city had gone on to erect water works, and supply the inhabitants with water by means of pipes and aqueducts and conductors, they would have had the right to use the streets, pavements and alleys for the purposes of supplying the water, and no owner of abutting lots could have objected because no compensation was paid. It would have been such appropri-tions of the easements for the benefit of the inhabitants, as was authorized and contemplated by the municipal corporation. The legal effect of the act incorporating the Memphis "Water Company, was to revoke this power, as to the city corporation, and to vest it in the Water Company. The easements are alike subject to appropriation for the purposes of the privilege, without compensation, whether the privilege be exercised by the city or by the Water Company,: Angel on Highways, 25, 312; 9 Hum., 268.
Our conclusion is, that upon the facts agreed upon, the Memphis Water Company has the exclusive privilege of supplying the city of Memphis and its inhabitants with water by means of the water works erected in pursuance of their charter. Such was the judgment of the Court below and we affirm it.