State vs. Milwaukee Gas Light Company.

STATE OF WISCONSIN VS. THE MILWAUKEE GAS LIGHT CO.

*Constitutional law—Legislature may grant exclusive right to manufacture and sell gas.*

1. The legislature of this state may confer upon a private corporation the exclusive right to manufacture and sell gas, and to erect works and lay pipes therefor, within the limits of a municipal corporation.

2. In June, 1851, the city of M. entered into a contract with one L., granting him the exclusive right of making excavations and laying pipes for conducting gas through or under the streets, etc., of said city, *for the term of fifteen years*, with the stipulation that the excavation should be made under the direction of the city, and that injuries done thereby should be repaired by L., with diligence, etc. This contract was assigned by L. to the defendant, in 1852. Ch. 159, Laws of 1852, after incorporating the defendant, provides (sec. 4) that "said company shall have power and full and *exclusive* authority to manufacture and sell gas  *  *  for the purpose of lighting the city of M., the streets thereof," etc., etc., "and to erect all necessary works and apparatus, and to lay pipes for the purpose of conducting the gas in any of the public streets, avenues, etc.,  *  *  in said city: *Provided*, that no permanent injury shall be done to any street, highway, lane or alley in said city, agreeably to the terms and conditions of a contract now existing between the city of M. and L. [referring to and identifying by the date the above mentioned contract], a copy of which contract shall be placed on file in the office of the secretary of state." *Held*, that this act confers the exclusive right therein described *without any limitation of time;* the words " agreeably to the terms and conditions of a contract," etc., having reference only to the proviso against permanent injury to the streets of the city.

3. If such grant of exclusive right becomes oppressive, the legislature under the constitution of this state, has power to withdraw it.

MOTION to strike out certain portions of defendants' answer as sham, false and immaterial.

Action in the nature of *quo warranto*, to try the defendants' right to exercise the exclusive franchise of manufacturing and furnishing gas for lighting the city of Milwaukee, and laying pipes for that purpose under the streets. The case, and so much of the pleadings as is material, are stated in the opinion of the court.

*E. P. Smith* and *E. Mariner*, for the motion, contended that the motion may properly be made as to portions of the answer, and the falsity thereof may be shown by reference to other portions, citing *People v. McCumber*, 18 N. Y., 315; 2 Whittaker Pr., 171–176; 13 Wis., 99; 14 id.. 52; 17 id., 358; 21 id., 635; 16 id., 134; Angell & Ames on Corp., § 761; *Rex v. Mein*, 3 Term, 596. 2. That the defendant cannot plead that it did not usurp, but must either justify or disclaim, citing *King v. Tate*, 4 East., 337; Angell & Ames on Corp., § 756; *People v. Richardson*, 4 Cowen, 113, 118; 18 Ohio St., 272; 2 Burrill's Pr., 191; 4 Burr. R., 2146–7; 1 Kyd on Corp., 399, 407; *People v. Utica Ins. Co.*, 15 Johns., 387. 3. The second answer, in effect claiming exclusive rights under acts of the legislature which do not confer them, and contracts with the city which it had no authority to make, shows that the first answer, denying the usurpation, is false. 23 How., (U. S.), 435–7; 1 Strange, 299; 2 id., 1161. 4. The first and second answers cannot be treated as one answer. 5. The second answer is bad. The acts of the corporation under this claim bring it within the statutes. 15 Serg. & Rawle, 132; Angell & Ames, on Corp., 829. The city could not confer such rights, and the state *had* not. The right to use the streets is a franchise which must emanate from the state. *State v. Cincinnati Gas and Coke Co.*, 18 Ohio St., 291. Even the state cannot create a monopoly for the manufacture and sale of gas. *Norwich Gas Co., v. Gas Company*, 25 Conn., 19. The company obtained no exclusive right by the charter of 1852. Under it their rights were limited to fifteen years, the period of the Lockwood contract. By procuring and accepting the amendatory act of 1863, (chap. 317), they recognized that fact, and also by reviving that contract in 1868.

*J. Downer*, opposing:

1. Under the statute, only an *entire* answer or an *entire* defense, not *parts* thereof, can be stricken out. Voorhees' Code, 300; *Lockwood v. Salhenger*, 18 Abb. Pr., 136; 53 Barb., 650; *People v. McCumber*, 18 N. Y., 326. 2. The parts moved to

be stricken out are mere denials, and are not sham or irrelevant. Voorhees' Code, 298; Wait's Code, 273–4; 1 Van Santvoord's Pl., 596–8; *Morton v. Jackson*, 2 Minn., 220; 10 Cal., 29; *Massina v. Stillman*, 13 Abb. Pr., 93; *Ward v. Waterhouse*, 2 Rob., 653; *Brown v. Lewis*, 10 Ind., 232; 7 Blackf., 100; 47 Mo., 483, 19 id., 556, 645; 43 id., 305. 3. The gas company has the exclusive right to manufacture gas under its charter. Secs. 1 and 4, chap. 159, Laws of 1852, and secs. 2 and 3, chap. 317, Local Laws of 1863. The city charter and amendments gave the common council power over the streets. The Lockwood contract is a license, and an agreement to do no act to disturb the gas company. The proviso in the company's charter relative to the contract, applies to and limits only the manner of using the streets, making excavations, and laying pipes, and not the time of such use. Its exclusive right to use the streets, as well as to manufacture and sell gas, is derived from sec. 4 of its charter of 1852, and also from sec. 2 of the act of 1863. *E. Toll Bridge Co. v. Hartford & N. R. R. Co.*, 17 Conn., 40; *People v. Bowen*, 30 Barb., 36; *Hobart v. Mil. City R. R. Co.*, 27 Wis., 194; 10 Wallace, 45; 15 Barb., 209; 37 id., 317; 33 id., 420; Redfield on Railways, 313; 6 How., 531; 2 Gray, 28.

COLE, J. This is a motion to strike out certain portions of the answer as sham, false and immaterial. The action is brought by the attorney general, under chapter 160, R., S., for the purpose of vacating and annulling the charter of the defendant corporation. It is alleged, in substance, in the complaint, that the defendant, for more than three years last past, has usurped and exercised the exclusive right and franchise of manufacturing and selling inflammable gas for lighting the city of Milwaukee, the streets, houses and places therein, and of making excavations in the streets and highways of the city for the purpose of laying pipes for the distribution and sale of such gas; and that the defendant claims this exclusive right

and privilege by virtue of the provisions of its charter and certain contracts made with the city, which are annexed to the complaint.

The answer, in effect, denies that the defendant has, for more than three years next preceding the commencement of the suit, or for any part of that time, usurped and exercised the exclusive right and franchise to make inflammable gas for the purpose of lighting the city, the streets and buildings therein, and of making excavations in such streets for laying pipes for conducting gas to be used and sold in the city, and denies that it has during such period of time, exercised such exclusive right and privilege, either with or without authority. It claims the benefit of whatever franchise or privilege has been conferred upon it by the legislature, and of all contracts which it has made with the city for manufacturing gas and lighting the buildings and places therein. The answer also contains other matters, which were, doubtless, intended to be simply denials of various allegations of the complaint. We shall not, however, dwell upon any portions of the answer which it is moved to strike out, further than to say that we do not think they can be condemned as sham, false or immaterial, wholly destitute of truth and substance, and in no way relating to the defense of the action. But all these questions of practice become unimportant, in the view we entertain of the main question in the case. And that is, whether the charter of the defendant does not confer upon it the exclusive right and privilege of manufacturing and selling gas in the city of Milwaukee? If this right is conferred upon the defendant by its charter, then it is obvious this action must fail altogether, providing it was competent for the legislature to grant such an exclusive privilege or franchise.

By the first section of the act incorporating the defendant (chap. 159, Laws of 1852), it is provided that certain persons therein named, their successors, etc., were " created a body corporate and politic, by the name of the *Milwaukee Gas Light Com-*

*pany*, with perpetual succession, and by that name shall have all the privileges, franchises and immunities incident to a corporation." In the fourth section of the same act it is further enacted as follows: "The said company shall have power and full and exclusive authority to manufacture, make and sell gas to be made from any and all the substances, or a combination thereof, from which inflammable gas is obtained, for the purpose of lighting the city of Milwaukee, or the streets thereof, or any buildings, manufactories, public places or houses therein contained, and to erect all necessary works and apparatus, and to lay pipes for the purpose of conducting the gas in any of the streets, avenues, commons, lanes or alleys in said city: Provided that no permanent injury shall be done to any street, highway, lane or alley in said city, agreeably to the terms and conditions of a contract now existing between the city of Milwaukee and John Lockwood, entered into on the sixth day of June, A. D. 1851, a certified copy of which contract shall be placed on file in the office of the secretary of state."

It appears to us that this section confers upon the defendant, in the most clear and unambiguous language, the exclusive right and authority to manufacture and sell gas in the city of Milwaukee. In other words, it grants the very franchise which it is alleged in the complaint the defendant has usurped and unlawfully exercises. It is not obvious upon what possible grounds it can be claimed that the corporation has usurped this exclusive right, when it is expressly granted by the charter. But it is said on the part of the state, that this exclusive privilege was limited to the period of fifteen years from and after the 6th day of June, 1851. The basis upon which this argument rests is this: On the 6th of June, 1851, the city of Milwaukee entered into a contract with one John Lockwood, wherein it granted to him the exclusive right and privilege to make all the necessary excavations, and to lay pipes for conducting gas through or under the streets, highways and lanes of the city for the term of fifteen years from the date of the contract, it

being stipulated that the excavations should be made under the direction of the city, with the least inconvenience to the public interest, and that all injuries done by reason of such excavations should be repaired by Lockwood with all proper diligence, so as to leave the streets and highways in as good condition as before the excavations were made.

This contract, which was assigned to the defendant in 1852, contains other conditions, which have no bearing upon the questions before us. Now it is said, by the reference in the proviso to the Lockwood contract, the legislature intended to restrict the exclusive right granted in the first part of the section to the period of fifteen years. But we do not think that contract was referred to for any such purpose. The legislature had granted to the company the exclusive right to manufacture and sell gas ; to erect all necessary works therefor ; and to lay pipes for the purpose of conducting the gas in any of the streets and highways of the city ; and the manifest object of the proviso is to restrain this right thus to use the streets, so that no permanent injury should be done to them, and by requiring that all excavations should be made under the direction of the city authorities with the least possible inconvenience to the public, and that whatever injuries were done by reason of the excavations should be repaired with all due diligence by the company. This, as it appears to us, is the evident intention and purpose of the proviso. It restrains and qualifies the right of the company to use the streets for the purpose of making excavations and laying their pipes for the distribution of gas, by prescribing that such use of the streets shall be exercised in conformity with the conditions of the Lockwood contract upon that subject. That the streets might be appropriated to such purposes under the direction and with the consent of the city authorities, and so as not to essentially interfere with the public easement or right of travel, there can be no doubt.

This method of lighting the buildings and streets of large cities with gas is certainly productive of the good order, general

safety and welfare of their citizens, and it cannot very well be accomplished without using the streets for the purpose of laying gas pipes therein. But it is necessary that this use be under proper control and supervision, and hence the legislature intended to regulate the manner in which it should exercised. But if the intention of the legislature had been to restrict and limit the exclusive right to manufacture and sell gas to the period of fifteen years from the 6th day of June, 1851, that limitation would naturally have been connected with the granting clause of the section. The exclusive right, however, is conferred upon the corporation in the clearest manner, and without any limitation whatever as to its continuance. And the Lockwood contract is referred to in the proviso merely for the purpose of directing and prescribing the conditions or manner in which the company should use the streets in making excavations and laying pipes, and for no other object whatever. At all events, this seems to us to be the plain, natural and rational construction of the section, and we have been unable to place any other upon it. And this being so, it is quite manifest that, even if the defendant exercises the exclusive right and franchise of manufacturing and selling gas in the city of Milwaukee, as it is alleged that it does in the complaint, it claims no right and exercises no franchise not conferred upon it by the act of incorporation. There is, therefore, no ground for holding that it has usurped a power or franchise not conferred by law, and the complaint is fatally defective in substance.

It was claimed, or rather suggested, upon the argument, that even the legislature could not confer this exclusive right upon the defendant to manufacture and sell gas in the city of Milwaukee. But we are not aware of any constitutional principle which is violated by the legislature granting such an exclusive franchise. It is true that it may create a monopoly, prevent anything like a free and healthy competition in the supply of gas to consumers, and thus operate to the detriment of the

public. But suppose this is all conceded : upon what ground can the court say such legislation is unconstitutional? Of course, the whole matter, under our constitution, is under the control of the legislature, which can take from the defendant this exclusive privilege whenever it sees fit to do so. The public concerned in having some competition in the supply of gas is by no means without a remedy. It can appeal to the legislature to withdraw this exclusive right which it has conferred upon the defendant. And it is but fair to assume that, whenever the monopoly becomes oppressive, the legislature will repeal the special privilege it has granted. At all events, it is sufficient to say that the remedy is with the legislature, which has ample authority to do what may be for the best interests of the citizens of Milwaukee. But as the legislature, in its wisdom, has seen fit, in most clear and unambiguous language, to confer upon the defendant the exclusive right to manufacture and sell gas in the city of Milwaukee, there is no ground for saying that the court should amend its charter because it exercises the franchise conferred.

We were referred on the argument to the cases of *Norwich Gas Light Co. v. The Norwich City Gas Co.*, 25 Conn., 20 ; and *The State v. The Cincinnati Gas Light and Coke Co.*, 18 Ohio St., 262, in support of the position that the legislature cannot confer an exclusive franchise to manufacture and sell gas. In the latter case the court declined to inquire into the power of the legislature to confer an exclusive franchise to manufacture and sell gas either upon a corporation or natural person, as that question did not necessarily arise in the cause. It did decide that the city council of the city of Cincinnati could not, without clear legislative authority, grant the exclusive right to use its streets and alleys for the purpose of laying down pipes for conveying gas to be used in lighting the city for a term of twenty-five years. But that is obviously a different question from the one before us. Here the legislature itself has granted the franchise, regulating the manner in which it shall be exer-

cised. In the case in Connecticut, the court does in effect hold that an act of the general assembly was void, as far as it assumed to make the right of a gas company to lay down gas pipes in and through the streets, etc., of the city and town of Norwich, exclusive. The court, in substance, say, that the grant of such an exclusive privilege is in restraint of an ordinary business, creates a monopoly, is against public policy, and contrary to the theory of a free government. We had supposed the law to be quite well settled that the sovereign authority might grant special privileges to corporations and individuals without violating any constitutional principle. It is frequently and constantly done by enacting various acts of incorporation of private companies for building and operating railroads, plankroads, ferries and toll-bridges; and for many other objects upon which private skill and capital can be employed. It is important that these corporations be created, although they sometimes become great monopolies and are injurious to freedom of trade and the progress of improvement. But it is not obvious upon what principle the power of the legislature to pass such acts can be denied. The legislature retains control over such charters in this state, and has the power to take away any exclusive privilege or franchise which it may have improvidently granted.

According to our view of the charter, the matters stated in the complaint constitute no cause of action.

*By the Court.*—The motion to strike out portions of the answer as sham and immaterial, is denied.