Citizens' Gas and Mining Company v. The Town of Elwood.

No. 14,179.

CITIZENS' GAS AND MINING COMPANY v. THE TOWN OF ELWOOD.

MUNICIPAL CORPORATION.— *Natural Gas Companies.*— *Use of Streets.*— *Exclusive Privileges.*—A municipal corporation has no power to grant a natural gas company the exclusive privilege of using its streets, and a company obtaining such a grant is bound to take notice that it is void.

SAME.—*Injunction.*—A town can not enjoin a natural gas company from using its streets upon the ground that it has conferred the exclusive right to their use upon another gas company, but it may do so on the ground that the defendant has not obtained a license so to do.

SAME.—*Act of 1887 Relating to Natural Gas.*—*Requirements of.*—The act of 1887 relating to natural gas (Acts of 1887, p. 36) requires that a general ordinance shall be adopted by municipal corporations, giving, upon equal terms, substantially the same privileges to all companies.

SAME.—Neither a void grant of an exclusive privilege to use the town streets to one company, nor a refusal to grant a special privilege to another company, authorizes the latter company to use the streets.

SAME.—*Town Trustees do not Constitute the Corporation.*—The trustees of a town represent but do not constitute the corporation, and, although they have violated their duty, they may invoke the aid of the courts to protect its rights.

From the Madison Circuit Court.

*E. B. Goodykoontz* and *G. M. Ballard*, for appellant.
*M. S. Robinson* and *J. W. Lovett*, for appellee.

ELLIOTT, J.—The complaint of the appellee alleges that it is an incorporated town; that the appellant is a corporation organized under the laws of the State; that, on the 18th day of July, 1887, the appellee entered into an agreement with the Elwood Natural Gas and Oil Company, whereby it granted to that company the exclusive privilege of laying mains and pipes in the streets and alleys of the town for the purpose of supplying the town and its citizens with natural gas; that in consideration of this grant the Elwood Natural Gas and Oil Company agreed to furnish natural gas to each alternate street lamp free, and also to furnish gas for lights in

front of the church buildings of the town without charge; that the Elwood Natural Gas and Oil Company performed its part of the contract; that the Citizens' Gas and Mining Company has scattered mains and pipes along the streets of the town, and is digging trenches for the purpose of laying its mains and pipes.

It is also alleged that the Citizens' Gas and Mining Company has not obtained permission or license to lay its pipes in the streets of the town. The relief prayed is an injunction restraining the Citizens' Company from laying its pipes in the corporate highways.

The town trustees had no authority to grant the Elwood Natural Gas and Oil Company the exclusive right to use the streets of the town. A municipal corporation can not grant to any fuel or gas supply company a monopoly of its streets. There is nothing in the nature or business of such a company making its use of the streets necessarily exclusive. The spirit and policy of the law forbid municipal corporations from creating monopolies, by favoring one corporation to the exclusion of others. It is probably true that a municipal corporation may make a contract with a gas company for supplying light to the public lamps for a limited time, even though it be for a number of years; on this point, however, there is some conflict, but there is no conflict on the proposition that, in the absence of express legislative authority, a municipal corporation can not grant to any corporation the exclusive privilege of using its streets. There is, we know, much conflict among the authorities upon the question of the power of the Legislature to grant an exclusive right to a gas company to use the highways of a municipal corporation; and, under our Constitution, it is very doubtful whether the Legislature possesses such authority. But we are not here concerned with that phase of the question, since the Legislature has not attempted to vest an exclusive privilege in any corporation. Upon the direct question before us there is a remarkable uniformity in the decisions of the

courts. *City of Indianapolis* v. *Indianapolis Gas-Light, etc., Co.*, 66 Ind. 396; *Norwich Gas-Light Co.* v. *Norwich City Gas Co.*, 25 Conn. 19; *State* v. *Cincinnati Gas-Light, etc., Co.*, 18 Ohio St. 262; *State* v. *Gas Co.*, 34 Ohio St. 572; *City of Memphis* v. *Memphis Water Co.*, 5 Heisk. 495; *State* v. *Milwaukee Gas-Light Co.*, 29 Wis. 454; *Garrison* v. *City of Chicago*, 7 Biss. 480; *Illinois, etc., Canal Co.* v. *St. Louis*, 2 Dill. 70; *City of Brenham* v. *Brenham Water Co.*, 67 Tex. 542; *Richmond County Gas-Light Co.* v. *Middletown*, 59 N. Y. 228; *Davenport* v. *Kleinschmidt*, 6 Mont. 502; *Meadville Fuel Gas Co.* v. *Meadville Natural Gas Co.*, 3 Cent. Rep. 921; 2 Dillon Munic. Corp. (3d ed.), section 693.

We conclude, without hesitation, that the town of Elwood has no right to an injunction upon the ground that its board of trustees has assumed to confer upon the Elwood Natural Gas and Oil Company the exclusive right to use the highways of the town. If, therefore, the complaint can be sustained at all, it must be upon the ground that the Citizens' Gas and Mining Company is attempting to excavate trenches and lay pipes in the streets and alleys of the town, without the license of the municipal authorities. On this ground the complaint may be upheld.

The presumption is, until the contrary appears, that the corporate officers have done their duty. They are sworn public officers, and their acts are presumed to be rightful until the contrary is shown. It must, therefore, be assumed that they have done their duty, unless the fact that they have granted an exclusive privilege, and are endeavoring to protect the corporation to whom it was granted in the exercise of that privilege, countervails the presumption in their favor. This fact does overthrow this presumption; for it appears that they have violated the law and have invoked the aid of the courts to secure to the corporation, illegally favored, the fruits of their unlawful act. But, although the presumption is overthrown, we do not think that the Citizens' Gas and Mining Company has a right to use

the streets of the town without the license of its officers, granted in the mode prescribed by the law of the land. The town officers, although they have violated the law, have not lost their authority over the corporate highways. That authority is one which they can neither delegate nor surrender. They must exercise it, and exercise it in a lawful mode. We conclude that, although the town officers have violated the law, the Citizens' Gas and Mining Company can not take advantage of the wrong of the corporate officers and use the streets without their license. The control of the streets remains in the municipal authorities, notwithstanding their violation of law, and no one can dig trenches and lay pipes in those streets without the permission of the proper officers. *Commonwealth* v. *Cent. Passenger Railway*, 52 Pa. St. 506; *Jersey City Gaslight Co.* v. *Consumers' Gas Co.*, 4 Cent. Rep. 330; 2 Dillon Munic. Corp., section 680.

We do not hold that a municipal corporation may arbitrarily exclude some gas corporations and suffer others to occupy its streets, but we do hold that no corporation can, at its own pleasure, enter and occupy the streets of a town or city. Within reasonable limits, the municipal officers have authority to regulate, by general ordinances, the use and occupancy of its streets. The power over streets vested by our statutes in municipal corporations is very broad and comprehensive. Language of wider sweep than that employed by the Legislature in conferring authority over streets and alleys upon our towns and cities could hardly be chosen, and within the extensive power conferred is included the authority to regulate in a legitimate mode the use and occupancy of corporate highways by natural gas companies. *Wood* v. *Mears*, 12 Ind. 515 (74 Am. Dec. 222); 2 Dillon Munic. Corp. (3d ed.), section 680.

The latest legislative expression, found in the act of 1887, is, of itself, sufficient to vest this authority in the municipal corporations of the State. That act provides: "That the boards of trustees of towns, and the common councils of

cities, in this State, shall have power to provide by ordinance, reasonable regulations for the safe supply, distribution and consumption of natural gas within the respective limits of such towns and cities, and to require persons or companies to whom the privilege of using the streets and alleys of such towns and cities is granted for the supply and distribution of such gas to pay a reasonable license for such franchise and privilege." Acts of 1887, p. 36.

The fact that the town authorities assumed to grant the Elwood Natural Gas and Oil Company the exclusive privilege to use its streets and alleys does not aid the complaint. The town is not embarrassed by that grant, for it is void. It is void because the general rule of law denies to municipal corporations the power to create monopolies. It is void, because the act of 1887 clearly requires that a general ordinance shall be passed giving, upon equal terms, substantially the same privileges to all companies. The law intends that there shall be free competition, with the competing companies placed, by a general ordinance, upon the same level, as nearly as practicable. The word " ordinance " is a term of settled meaning. It means a local law, prescribing a general and permanent rule. *Blanchard* v. *Bissell*, 11 Ohio St. 96 ; *State* v. *Lee*, 4 Crim. L. Mag. 79, 81 ; 1 Dillon Munic. Corp. (3d ed.), section 307.

As the board of trustees of the town of Elwood derives its powers from a statute, the Elwood Natural Gas and Oil Company was bound to take notice of them, and, consequently, bound to know that the trustees had no authority to grant a special privilege, and that the grant of an exclusive privilege was utterly void. *Johnson* v. *Common Council, etc.*, 16 Ind. 227 ; *Newman* v. *Sylvester*, 42 Ind. 106 ; *Madison Tp.* v. *Dunkle, ante,* p. 262, and cases cited ; *Daly* v. *San Francisco,* 72 Cal. 154.

If the trustees constituted the town it may be that this suit could not be maintained, for the courts probably would not aid them in their effort to protect their illegal grant ; but

they do not constitute the town ; that is composed of the inhabitants of the locality. *Strosser* v. *City of Fort Wayne*, 100 Ind. 443 (449); *Baumgartner* v. *Hasty*, 100 Ind. 575, 585 (50 Am. R. 830) ; *City of Valparaiso* v. *Gardner*, 97 Ind. 1 (49 Am. R. 416), and cases cited.

The trustees represent the corporation, but they are not the corporation. Grant Corporations, 357. They are clothed with local and limited powers of sovereignty, and these powers they can neither barter away nor surrender. Cooley Const. Lim. 207, 208 ; 1 Dillon Munic. Corp. (3d ed.), section 97.

As the representatives of the public corporation, they may invoke the aid of the courts of justice to protect its rights, although they have themselves failed in their duty. It is not to protect them that the courts interfere, but to protect the rights of the corporation they represent.

What we have said disposes of all the questions presented on the ruling denying a new trial except one, and to that we now address our discussion.

The Citizens' Gas and Mining Company, as the evidence shows, presented a petition to the board of trustees on the 15th day of August, 1887, representing that it was the owner of a natural gas well in the town; that it was desirous of supplying natural gas for fuel and light to its stockholders and other citizens ; that, in order to do so, it was necessary to lay pipes in the streets and alleys of the town, and that it would furnish such bond as might be required to protect the town from loss. The petition prayed that the privilege of using the streets be granted the petitioner. The board of trustees refused to consider the petition.

The act of 1887 does not, as we have said, vest in the officers of municipal corporations the authority to arbitrarily admit one company and exclude another ; on the contrary, as we have seen, that act, in harmony with the general rule of the common law, makes it the duty of the corporate

authorities to enact a general ordinance allowing all companies to use its streets, as nearly as practicable, upon equal terms and conditions. It forbids the grant of special privileges, by special contract or license, to any company. We very much doubt, as we have already indicated, whether the Legislature could, even if it so desired, grant exclusive special privileges to any corporation; but we have no such question before us, for it is very clear to our minds that the Legislature did not intend to authorize municipal corporations to make special grants. It would hardly be contended that even the Legislature could confer upon any corporation a special privilege to supply a town or city with coal or wood; and it is not easy to perceive why the same principle does not apply to natural gas. Less common than coal or wood, it is, nevertheless, a fuel. Our judgment is, that, under the rules of the common law, as well as under the provisions of our statute, the subject of supplying towns and cities with natural gas must be regulated by a general ordinance, and that the ordinance must not unfairly discriminate between competing companies. The ordinance must be general in its nature and impartial in its operation. *Graffty* v. *City of Rushville*, 107 Ind. 502; *White* v. *Mayor*, 2 Swan (Tenn.), 364; *City of Chicago* v. *Rumpff*, 45 Ill. 90; *Tugman* v. *City of Chicago*, 78 Ill. 405; *Ex Parte Frank*, 52 Cal. 606; 1 Dillon Munic. Corp. 322.

The result of the principles we have stated is, that the Elwood Natural Gas and Oil Company is not rightfully using the streets of the town, because it claims under an illegal special grant. It does not, however, follow from this conclusion that the trial court erred in denying the motion for a new trial. The same principles operate, to a great extent, against the Citizens' Company as those invoked against the Elwood Company, for it demanded a special grant, although it did not demand an exclusive one. If the trustees have no power to make a special grant, then there was no wrong in denying the petition of the Citizens' Company, since neither

Citizens' Gas and Mining Company *v.* The Town of Elwood.

of the companies had a right to enter the town under a special license or grant.

If the Citizens' Company had asked for the enactment of a general ordinance, and had by an appropriate proceeding sought to compel the trustees to do their duty, a very different question would be presented, but it did not ask that; on the contrary, it asked a special license, which the trustees had no power to grant, since their power must be exercised by a general ordinance. What we here decide on this point, and all that it is now proper for us to decide, is, that the mere refusal of the town trustees to grant the Citizens' Gas and Mining Company a special privilege to occupy the highways of the town did not authorize that company to enter the town and dig trenches in the streets for the purpose of laying down gas-pipes. There is, it may perhaps be conceded, a remedy for the wrong of the town officers, but it is neither necessary nor proper for us to decide what that remedy is, nor who must invoke the aid of the courts; it is enough for us to decide, as we do, that, although the town officers have violated the law in assuming to grant the Elwood Natural Gas and Oil Company an exclusive right, yet that wrong will not authorize the Citizens' Company to use and occupy the streets of the town without some general by-law or ordinance authorizing and regulating that use and occupancy.

Judgment affirmed.

Filed April 12, 1888.