Cumberland Tel., etc., Co. *v.* City of Mount Vernon—176 Ind. 177.

respect to this bill that had been passed at the session of 1907, and presented to him at that session, or to see that the Secretary of State return it to the legislature as required by the Constitution. It had a right to assume that if the bill had been vetoed by the Governor, and filed with the Secretary of State, as authorized, the Secretary would discharge his constitutional duty and return the bill at the special session for legislative action. It is wholly untenable to assert that the fact that said act did not appear in the volume containing the laws passed at the session of 1907 was notice to the legislature, either actual or constructive, that the bill for the act had been vetoed by the Governor. Such fact could afford the legislative department no notice whatever. Hence it cannot in reason be said that that body was put upon inquiry, and that it was its duty to look after the bill and cause the Secretary of State to return it as provided, and if he did not, to take proceedings against him, as the majority opinion holds, in order to coerce him to discharge his duty. The case of *Tarlton* v. *Peggs* (1862), 18 Ind. 24, lends no support to the majority opinion. The sole question involved in that case was in respect to the power of the Governor, after he had filed the act with the Secretary of State, to file objections thereto, and thereby defeat it, as was claimed.

In my opinion the act involved is valid, and the judgment below should be reversed.

---

## CUMBERLAND TELEPHONE AND TELEGRAPH COMPANY *v.* CITY OF MOUNT VERNON.

[No. 21,679. Filed April 4, 1911. Rehearing denied June 22, 1911.]

1. NUISANCE.—*Unlawful Maintenance of Telephones in Streets.— Complaint.*—A complaint alleging that defendant telephone company was unlawfully maintaining its telephones in the streets of plaintiff city, without the license or consent of the plaintiff, sufficiently shows a nuisance. p. 178.

2. MUNICIPAL CORPORATIONS. — *Ordinances.* — *Acceptance.* — *Contracts.*—A city ordinance, granting to a telephone company the

right to use the streets for the construction and operation of a telephone system, which is unaccepted expressly or impliedly, does not constitute a contract, or grant any rights.   p. 181.

3.  MUNICIPAL CORPORATIONS.— *Ordinances.*— *Acceptance.*— Where no burdens are imposed on the grantee of an ordinance, its acceptance may be inferred from slight circumstances.   p. 181.

4.  TELEGRAPHS AND TELEPHONES.—*City Ordinance.*—*Acceptance.*— *Evidence.*—Evidence that a telephone company's agent was present at a meeting of the city council urging the passage of an ordinance granting to his company the right to use the streets for telephone purposes, but failing to show that he was authorized to accept the ordinance, the evidence further showing that the ordinance was not expressly accepted and that no action was taken pursuant thereto, shows that the ordinance was not accepted.   p. 182.

From Posey Circuit Court; *O. M. Welborn,* Special Judge.

Action by the City of Mt. Vernon against the Cumberland Telephone and Telegraph Company. From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*Walker & Walker, Roscoe U. Barker* and *Baker & Baker,* for appellant.

*G. V. Menzies, James H. Blackburn* and *William Vosloh,* for appellee.

MORRIS, J.—Appellee sued appellant to abate a nuisance, consisting of an alleged unlawful occupancy by appellant of the streets and alleys of the city of Mount Vernon with poles and wires used by it in conducting a telephone business in that city.   There was a trial by the court, and a judgment for appellee.

The errors assigned are the overruling of appellant's demurrer to the complaint, and the overruling of its motion for a new trial.

The complaint alleges that defendant, after notice to remove the poles and wires, is, without license or consent of plaintiff, unlawfully maintaining them, thereby obstructing the streets and alleys of said city.   The complaint is sufficient to repel a demurrer.   *Cover-*

*dale* v. *Edwards* (1900), 155 Ind. 374, 47 L. Ed. 487; *City of Valparaiso* v. *Bozarth* (1889), 153 Ind. 536, and cases cited.

The grounds assigned for a new trial, and argued in appellant's brief, are that the decision of the lower court was not sustained by sufficient evidence and was contrary to law. The record discloses the following facts: Appellant is a corporation, organized under the laws of Kentucky, and engaged in operating telephone lines and exchanges. On January 6, 1891, the city of Mount Vernon enacted an ordinance, granting to appellant the right to erect and maintain telephone poles and lines in the streets and alleys of the city for a limited time. By section four of the ordinance, the city reserved the right to repeal it at any time after fifteen years from its passage. Appellant, in writing, accepted the ordinance, and agreed to be bound by its conditions, and thereupon constructed a system of telephone lines in the streets and alleys of the city, and operated a telephone exchange therein, pursuant to the provisions of the ordinance.

On February 20, 1899, the city council of Mount Vernon adopted an ordinance, granting to the American Telephone and Telegraph Company of Indiana, its successors and assigns, the right, privilege and authority to construct, operate and maintain lines of telephone, including necessary poles, wires and fixtures, upon, along and under the highways of the city, upon certain terms and conditions. One of the conditions was that the company should furnish, free of cost to the city, space on its poles for fire alarm and police wires, and another required the company to indemnify the city against damage or liability caused by the negligent construction or maintenance of its lines. To this ordinance was appended the following:

> "The American Telephone and Telegraph Company, of Indiana, hereby accepts this ordinance, and all the rights and the terms and conditions imposed."

This blank form of acceptance was never signed by the

company, nor did it ever accept the ordinance in writing. It never, at any time, did any work towards the construction of a telephone system in the city, nor did it do anything that indicated that it intended to be bound by the ordinance, unless such obligation should be inferred from the fact that at the time the ordinance was adopted by the city council a representative of the company was present and asked its adoption.

On February 6, 1906, the company, in writing, assigned to appellant, for $500, all the right, title and interest that it had to maintain telephone poles, wires and fixtures upon the highways of the city, under said ordinance. When this assignment was made, appellant knew that the American Telephone and Telegraph Company had never taken any action under the ordinance, and the assignment was procured by appellant because its own franchise was about to expire. No formal notice to the city was given by appellant of its purchase of the franchise, nor was any record made of the assignment on appellant's records at Mount Vernon. The only record made by appellant of the transfer was at appellant's office at Nashville, Tennessee. After the assignment, appellant never executed any written acceptance of the ordinance in question. Appellant did business under its own name, at Mount Vernon, after the transfer, just as it did before, and never claimed to be the successor, as a corporate enterprise, of the American Telephone and Telegraph Company, but does claim that it was the assignee of the franchise of the company to do business in the city of Mount Vernon.

After February 6, 1906, appellant entered into negotiations with appellee for a fifteen-year franchise in its own name, but no agreement was ever reached, because of differences of opinion in regard to rates.

On February 4, 1907, the city council of Mount Vernon repealed the ordinance of January 6, 1891, that granted appellant the use of its streets for its telephone business, and

later notified it to remove its poles, wires and fixtures from the streets and alleys. The complaint in this cause was filed in March, 1909.

After the purported transfer by the American Telephone and Telegraph Company of its franchise to appellant, the latter strung wires and cables on the old poles, erected new poles in the streets of the city, and extended its business therein. Appellant does not claim any right to use the streets by virtue of the ordinance of January, 1891, but rests its claim thereto on the assignment to it of the franchise of the American Telephone and Telegraph Company.

Appellee claims that the ordinance of February 20, 1899, purporting to grant the American Telephone and Telegraph Company the right to use the highways of the city, never became effective, because it was never accepted by the company, and, consequently, when it executed the assignment to appellant it had no franchise to transfer. If this contention is correct, the judgment of the lower court should be affirmed, for the reason that appellant's defense rests upon the validity of the franchise granted to the American Telephone and Telegraph Company.

Unless the ordinance in question was accepted by the American Telephone and Telegraph Company before it executed the assignment, evidenced either by express 2. words or by some act or conduct on its part, the ordinance was nothing more than a mere proposition, and could not confer any right nor impose any obligation on the company. *Cincinnati, etc., R. Co.* v. *Clifford* (1888), 113 Ind. 460; *State, ex rel.,* v. *Dawson* (1861), 16 Ind. 40; *Jennings* v. *Dark* (1911), 175 Ind. 332; 3 Abbott, Mun. Corp. §901.

Where no obligations are imposed on the grantee, the acceptance of the thing granted may be inferred from 3. slight circumstances. *State, ex rel.,* v. *Dawson* (1864), 22 Ind. 272. In this case, however, there

were some substantial obligations to be assumed by the grantee.

During the period from February 20, 1899, to February 5, 1906, the American Telephone and Telegraph Company made no attempt to construct or operate a telephone system in the city, and its only connection with the ordinance, as shown by the record, was the presence of one of its agents at the meeting of the council at which the ordinance was adopted, and the request by the agent that it should be passed. It is not shown that this agent was authorized by the company to accept the terms and conditions of the ordinance. The court would not have been warranted in inferring from the facts disclosed by the evidence that the ordinance was ever accepted. It follows, as a necessary conclusion, that the assignment in question did not transfer any right to appellant, and the lower court did not err in its decision. Judgment affirmed.