## STATE OF INDIANA, EX REL. EVANSVILLE INDEPENDENT TELEPHONE COMPANY, *v.* STICKELMAN ET AL.

### [No. 22,443. Filed June 23, 1914.]

1. MANDAMUS.—*Municipal Officers.*—*Power to Grant Franchise in Street.*—Under the act of 1905 concerning municipal corporations (Acts 1905 p. 219, §§93, 254, §§8696, 8939 Burns 1914) authorizing cities and towns to permit the use of their streets by telegraph, telephone, etc., companies, and to contract for furnishing the inhabitants with water, light, telephone service, etc., upon such terms and conditions as may be prescribed, and §1946 Burns 1908, Acts 1905 p. 584, §78, giving to cities and towns exclusive power to pass and enforce ordinances to keep the streets free from obstructions, cities and towns are vested with important discretionary powers with reference to granting franchises for the occupancy of their streets, which the courts can not control, hence an action for mandate to compel a city to grant the right to construct and operate a telephone system will not lie. p. 104.

2. CONSTITUTIONAL LAW.—*Special Privileges.*—*Municipal Corporations.*—*Occupancy of Streets.*—The provisions of the act of 1905 concerning municipal corporations (Acts 1905 p. 219, §§93, 254, §§8696, 8939 Burns 1914), vesting in cities and towns discretionary power relative to the granting of franchises for the occupancy of streets is not violative of §1, Art. 23, of the State Constitution. p. 107.

3. MUNICIPAL CORPORATIONS.—*Occupancy of Streets.*—*Statutes.*—Under the provisions of the act of 1905 concerning municipal corporations (Acts 1905 p. 219, §§93, 254, §§8696, 8939 Burns 1914) relative to the granting of franchises for the occupancy of streets, it is not contemplated that a general ordinance must be passed by a city granting such privilege, but such use is limited to such applicants only as have procured from the local authorities the consent to such use. (*Citizens Gas, etc., Co.* v. *Town of Elwood* [1888], 114 Ind. 332, distinguished.) p. 107.

From Superior Court of Vanderburgh County; *Fred M. Hostetter*, Judge.

Action by the State of Indiana, on the relation of the Evansville Independent Telephone Company, against Edward Stickelman and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*E. Q. Lockyear, A. W. Funkhouser, A. F. Funkhouser* and *Frank Ely*, for appellant.

*George A. Cunningham* and *D. H. Ortmeyer*, for appellees.

MORRIS, J.—This was an action by appellant, against appellees, the Board of Public Works of the city of Evansville, and the mayor and common council of the city, in which appellant sought an order of mandate directing appellees to grant appellant the right to construct and operate a telephone exchange in Evansville.

The complaint avers that appellant is a corporation, organized in 1911, under the provisions of our statute, relating to the formation of telephone companies; that in 1906 the Cumberland Telephone and Telegraph Company was granted a franchise to construct a telephone plant in the city, and operate it for a period of 35 years, under the terms of a contract, which contract is copied in the complaint; that in January, 1912, appellant petitioned the board of works for a franchise, to construct and operate a telephone exchange in the city for the same term, and on the same conditions set forth in the contract with the Cumberland company, and, at the same time, presented to the board a written contract, containing the same provisions as those of the Cumberland company contract, and requested the board to execute the same; that the petition was denied, and thereupon appellant petitioned the mayor and council to demand of the board that it send the petition to the mayor and council for consideration, and that the board be required to grant appellant's petition and execute the proposed con-

tract.  This petition further recites that appellant presented another proposition to the board by which it asked for a franchise on the same terms and conditions accorded the Cumberland company, or any other company, and offered to give bond, in reasonable penalty, for the performance of its obligations.  The petition was denied by the council, and appellant prays for a mandatory order directing appellees to grant appellant the right to erect and maintain telephone poles, wires, cables and conduits, in the streets and public places of the city, and conduct a telephone business therein, under the provisions of ordinances and laws regulating telephone companies.  The court sustained a demurrer to the complaint, and this ruling furnishes the basis for appellant's assignment of error here.

Our statute (Acts 1911 p. 541, §1225 Burns 1914) provides that an action for mandate may be prosecuted

1. "against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station."  It is appellant's contention, that because of §23, Art. 1 of our Constitution, which prohibits the legislature from granting to any citizen or class of citizens a privilege, which, on the same terms, shall not equally belong to all citizens, the General Assembly is without power to enact any law that will directly or indirectly result in the creation of a monopoly in relation to the operation of a telephone exchange in any municipality of the State; that the facts averred here show the creation, by indirect means, of a monopoly of the telephone business of Evansville, in the control of the Cumberland company.  In support of the proposition appellant cites *Citizens Gas, etc., Co.* v. *Town of Elwood* (1888), 114 Ind. 332, 16 N. E. 624, and other cases of like import.  Appellees meet this contention with the proposition that the law vests certain discretionary power in municipal authorities, in relation to telephone franchises, and that courts

are prohibited from controlling such discretion by writs of mandate. Appellant does not claim that courts can control the discretionary powers of municipal authorities by mandatory orders, but claims that such authorities are clothed with no discretion but must admit any telephone company to the use of their streets on the same terms and conditions accorded any other company organized for like purposes.

Subdivision 11 of §93 of the Municipal Corporations Act of 1905 confers on boards of public works, of cities of the first, second, third and fourth classes, the following authority: "To authorize telegraph, telephone, electric light, gas, water, steam, street car, railroad or interurban companies to use any street, alley or public place in such city and erect necessary structures therein, to prescribe the terms and conditions of such use and to fix by contract the price to be charged to patrons: *Provided,* That such contract shall, in all cases be submitted by such board to the common council of such city and be approved by ordinance before the same shall take effect." Acts 1905 p. 219, §8696 Burns 1914. Section 254 of the same act (§8939 Burns 1914) provides that any city or town may enter into a contract for supplying it and its inhabitants with water, light, telephone service, etc., and that it may provide in such contract the terms and conditions on which such services shall be furnished. The section provides that in cities having a board of public works, the contract shall be first agreed to by the board, and submitted to the council for approval, and authorizes any city or town to become a stockholder in a corporation organized to supply the city with any one of the enumerated conveniences or necessities. Previous to the adoption of the act of 1905, similar power was conferred on cities in relation to the furnishing of light. §4303 Burns 1894, Acts 1883 p. 85. The legislature has vested in the municipal authorities almost unlimited control of streets and alleys. §1946 Burns 1914, Acts 1905 p. 584, §78; subd. 31, §8655 Burns 1914, Acts 1905 p. 219. In

*Coverdale* v. *Edwards* (1900), 155 Ind. 374, 380, 58 N. E. 495, this court, in considering the power of a municipal corporation over its streets and alleys in reference to electric light poles and appliances, said: "The control of streets, as well as of all other public highways, is primarily in the legislature. But the legislature has delegated to municipalities the exclusive control of their streets and alleys. §3623 Burns 1894, §3616 R. S. 1881. * * * As the legislature gave, so that body may take away or modify, the power. There is no doubt of the legislature's authority to grant to individuals and corporations the right to erect poles and wires upon the streets of a municipality without its consent, or over its objection. * * * But the legislature, far from granting such right, has expressly committed this subject to the discretion of the municipality. * * * The legislature confided an unreserved discretion to the council. The unqualified right to grant or refuse at discretion carries with it the right to impose any terms on the grant not forbidden by law. The discretion of the council is not confined by the law to the mere restriction of methods of use, and therefore extends to restriction of time." As the act of 1905 vests the municipal authorities with the same power, in relation to telephone companies, as was formerly held in respect to electric light corporations, the decision in the above case is applicable here. *Cumberland Tel., etc., Co.* v. *City of Mt. Vernon* (1911), 176 Ind. 177, 94 N. E. 714.

This doctrine, of course, would have no application in jurisdictions where no power over such utility companies has been delegated to the municipal authorities. *City of Kenosha* v. *Kenosha Home Tel. Co.* (1912), 149 Wis. 338, 135 N. W. 849. Where no discretion is vested in the officers of a municipal corporation, the latter may be compelled, by mandate, to permit the use of its streets by a lawfully chartered telephone company. *Pereria* v. *Wallace* (1900), 129

Cal. 397, 62 Pac. 61. Here the municipal officers are vested with important discretionary powers, and the courts can not control their exercise by writ of mandate. We do not deem it necessary to determine the question of the right of the legislature to authorize a telephone monopoly in any city.

Certain it is that large discretion may constitution-
2.  ally be vested in municipal authorities over their streets and alleys. There can be no constitutional objection to the vesting of discretionary power in such authorities to refuse the occupancy of streets to companies financially unable to render proper service to the municipality or to its inhabitants, and to refuse such occupancy for an unlimited term. In the very nature of things there must be some limit to the number of telephone and light companies that can serve the public by the use of the streets of a town or city for the location of poles, wires and necessary appliances. If, as appellant contends, the municipal authorities must grant every applicant for a telephone or electric light franchise, the right to use the streets on the same terms accorded corporations now using the same, such streets might be rendered of little use for other purposes. Our legislature has wisely conferred on the municipal authorities a large discretion in the matter of granting municipal franchises, and such delegation of authority is not violative of Art. 1, §23 of our Constitution. Our legislation of 1905 does not contemplate a general ordinance for
3.  the right to use municipal streets by telephone, electric light and water companies, but limits such use to such applicants only, as have procured from the local authorities the consent to such use. The case of *Citizens Gas, etc., Co.* v. *Town of Elwood, supra,* involved the consideration of a natural gas franchise under a statute (Acts 1887 p. 36) which required that a general ordinance should be passed, giving, on equal terms, the same privileges to all companies. The difference between the act of 1887, and

the act of 1905, now under consideration here, renders that opinion, on the subject of a general ordinance, inapplicable to the question here considered.

As the relief sought by appellant's complaint would involve the control by the courts, of discretionary power vested in the municipal authorities of Evansville, the

1.    court did not err in sustaining appellees' demurrer to the complaint. *Coverdale* v. *Edwards, supra; Cason* v. *City of Lebanon* (1899), 153 Ind. 567, 55 N. E. 768; *City of Vincennes* v. *Citizens Gas Light Co.* (1892), 132 Ind. 114, 31 N. E. 573, 16 L. R. A. 485; 28 Cyc. 869; *State, ex rel.* v. *Spokane* (1901), 24 Wash. 53, 63 Pac. 1116; *Southern Bell Tel., etc., Co.* v. *Richmond* (1900), 103 Fed. 31, 44 C. C. A. 147. Judgment affirmed.

Spencer, J., not participating.

NOTE.—Reported in 105 N. E. 777. On the power of a municipality in absence of express legislative authority to grant street franchises, see 22 L. R. A. (N. S.) 925. See, also, under (1) 26 Cyc. 289; (2, 3) 28 Cyc. 866.