[S. F. No. 4254.    In Bank.—August 29, 1905.]

NAVAJO MINING AND DEVELOPMENT COMPANY, Petitioner, v. CHARLES F. CURRY, Secretary of State, Respondent.

CORPORATIONS — INCREASE OF CAPITAL STOCK — FAILURE TO PUBLISH NOTICE—CONSENT OF STOCKHOLDERS—CONSTITUTION MANDATORY.— The prohibition of the constitution against any increase of the capital stock of a corporation without the consent of the persons holding the larger amount in value of the stock, "at a meeting called for that purpose, giving sixty days' public notice, as may be provided by law," is not directory, but mandatory; and an attempted increase of capital stock at a meeting held by unanimous consent, without the notice prescribed by the constitution and by section 359 of the Civil Code, is ineffectual.

ID.—MANDAMUS—PERFORMANCE OF VAIN ACT.—*Mandamus* will not lie to compel the secretary of state to perform the vain act of filing an ineffective certificate showing an attempted increase of capital stock which is absolutely void.

PETITION for Writ of Mandate to Charles F. Curry, Secretary of State.

The facts are stated in the opinion of the court.

Charles H. Braynard, for Petitioner.

U. S. Webb, Attorney-General, and George D. Sturtevant, Deputy Attorney-General, for Respondent.

BEATTY, C. J.—This is an original proceeding in which a California corporation seeks to compel the respondent to file and issue certificates of increase of its capital stock. An alternative writ of mandate was issued upon the filing of the petition, and the respondent submits the controversy upon his general demurrer thereto, for want of facts to justify the issuance of the writ.

The facts are, that the petitioner having been originally organized with a capital stock of only seventy-five thousand dollars, became desirous of increasing the amount to one million dollars. To carry out this object a meeting of the stockholders was convened at the offices of the company in pursuance of a resolution of the directors for the purpose of

considering the expediency of the proposed increase, and at said meeting the holders of all the issued stock were present in person or by proxy, as well as all subscribers for stock. And they all signed a written consent to the proposed increase on the record of the meeting. In short, the proceedings required for effecting an increase of the stock of a corporation were regularly pursued in every respect as prescribed by section 359 of the Civil Code, except that the public notice therein specified was not given. A certificate in proper form of what was done was delivered to the respondent, and the fees for filing were duly tendered, but he refused to file the certificate upon the ground that it appeared therefrom that the whole proceeding was invalid for want of the statutory notice by publication in a newspaper of the call for the stockholders' meeting.

The contention of the petitioner is, that the actual attendance and consent of all the holders of, and subscribers for, its stock, rendered the failure to publish notice of the meeting immaterial; that the statutory and constitutional requirement of published notice in such cases is wholly for the benefit and protection of the stockholders; and that when the sole object of the notice has been accomplished by the voluntary attendance of all interested parties the statutory provision for published notice should be held directory and not imperative. There is both reason and authority to sustain this contention as applied to a statute, but in this state we have not only a statute to construe, but a constitutional provision which in express terms prohibits any increase of the capital stock of a corporation, ''without the consent of the persons holding the larger amount in value of the stock, *at a meeting called for that purpose, giving sixty days' public notice,* as may be provided by law.'' (Const., art. XII, sec. 11.)

A provision of the constitution of Missouri substantially identical was held by the supreme court of that state to be directory. (*Riesterer* v. *Horton Land and Lumber Co.,* 160 Mo. 141, [61 S. W. 238].) But we could not place the same construction upon the above-quoted provision of our constitution without disregarding not only its expressly prohibitory terms, but also the rule prescribed by the constitution itself for the effect to be given to its provisions. (Const., art. I, sec. 22.)

If it be conceded that the requirement is unduly rigorous, we are nevertheless not at liberty to hold it directory merely. As a part of the constitution prohibitory in terms, it is necessarily prohibitory in effect, and the failure of petitioner to observe its requirements rendered the attempted increase of its capital stock absolutely void. It would, therefore, have been a vain act to file the certificate; and since mandate will not issue to compel the performance of a vain act, the writ must be denied and the proceeding dismissed. It is accordingly so ordered.

Henshaw, J., McFarland, J., Van Dyke, J., Shaw, J., Angellotti, J., and Lorigan, J., concurred.