[No. 2088]

STATE OF NEVADA, EX REL. C. O. DAVIES, RELATOR, *v.* FRED L. WHITE, SAM FRANK, E. TWADDLE, ROBERT NELSON, PETER STEFFES, AND ROY J. FRISCH, AS THE CITY COUNCIL OF THE CITY OF RENO, COUNTY OF WASHOE, STATE OF NEVADA, RESPONDENTS.

1. MANDAMUS—MUNICIPAL CORPORATIONS—ORDINANCES—INITIATIVE AND REFERENDUM.

*Mandamus* will not issue to compel a city council to submit to a vote of the electors of such city a proposed ordinance that would be void even if approved by a majority of electors under the initiative and referendum provisions of the city charter.

2. MUNICIPAL CORPORATIONS—ORDINANCES—SPECIAL PRIVILEGES.

An ordinance, the purpose of which is stated in the title— directing the issue of a license to D. for the keeping or conducting of a restaurant at a designated place, with the privilege in connection therewith of selling, furnishing, serving or otherwise disposing of wine, malt and spirituous liquors in sealed packages—is void because it grants a special privilege to a single individual to conduct a private business of a character subject to general police regulations, and in which no public interest is subserved.

3. MUNICIPAL CORPORATIONS—ORDINANCES.

An ordinance violative of the provisions of a city charter, or of the general law, is void.

4. MUNICIPAL CORPORATIONS—ORDINANCES—INITIATIVE AND REFER-
ENDUM.

   The fact that a proposed ordinance has been initiated by
the electorate of a city adds no additional validity to such
proposed ordinance. If it would not be valid if adopted by the
city council, its infirmity would not be cured by an affirmative
vote of the electors of the city.

ORIGINAL PROCEEDING in *mandamus* by C. O. Davies
to compel the City Council of the City of Reno to submit
a proposed ordinance to the electorate of the city under
the initiative and referendum provisions of the city
charter. **Writ denied.**

The facts sufficiently appear in the opinion.

*Dixon & Miller,* for Petitioner.

*E. F. Lunsford,* City Attorney, for Respondents.

By the Court, NORCROSS, J.:

This is an original proceeding, upon notice, for a
peremptory writ of *mandamus* commanding respond-
ents, as the City Council of the City of Reno, to submit
a certain proposed ordinance designated Ordinance No.
184, to a vote of the electors of the said city of Reno, at
a special election to be called for that purpose, in accord-
ance with the initiative and referendum provisions of the
act incorporating the city of Reno.

The character and purpose of the proposed ordinance
sought to be submitted to the electorate of the city of
Reno is sufficiently indicated by its title, which reads:
"An ordinance directing the issue of a license or licenses
to C. O. Davies for the keeping or conducting of a restau-
rant on the island in the Truckee River known as 'Belle
Isle,' with the privilege, in connection therewith, of sell-
ing, furnishing, serving or otherwise disposing of wine,
malt and spirituous liquors in sealed packages."

It is conceded that the petition for the submission of
the ordinance is in due form and contains the requisite
number of signatures of qualified electors to meet the
requirements of the initiative and referendum provisions
of the city charter, but it is the contention of respond-
ents that, nevertheless, the writ ought not to issue,

for the reason that the subject-matter of the proposed ordinance is not such a subject-matter as could be enacted into a valid ordinance, and for the further reason that the provisions of the city charter providing for the initiative and referendum of city ordinances are unconstitutional, for the reason that they were enacted prior to the adoption of the amendment to the state constitution relative to the initiative and the referendum.

As it is unnecessary to consider the constitutional question raised, the same will not be determined.

1. The proposition that a writ of mandate will not issue to compel respondents to submit to the electors of the city a proposed ordinance that would be void even if approved by a majority of the electors, is too clear for discussion or the citation of authorities.

It remains only to consider whether the proposed ordinance would be valid if enacted.

2, 3. The proposed ordinance is special in character as it is designed to grant to a single individual a privilege in which the public at large has no interest or benefit.

By the provisions of section 10 of article 12 of the city charter, the city council is invested with power "to fix, impose and collect a license tax on, regulate, prescribe the location of, or suppress, * * * any and all places where intoxicating drinks are sold or given away." (Stats. 1905, p. 121.)

It is admitted in this proceeding that general ordinances are in force in the city of Reno under the provisions of which the relator could have applied for a license such as is sought to be obtained through the enactment of the special ordinance under consideration, and that such application could be granted or refused by the city council.

It is a serious question whether the proposed ordinance is not directly violative of the city charter which invests a certain discretion in the city council in the matter of granting or refusing liquor licenses. If violative of the provisions of the charter, it would, for that reason, be void.

It is sufficient to hold the ordinance void upon the broad ground that it grants a special privilege to a single

individual to conduct a private business of a character subject to general police regulations, and in which no public interest can be said to be subserved.

"A by-law will be held bad when it appears to have been passed not to subserve the interests of the corporation, that is, the public, but those of some private person or class of persons." (McQuillin on Municipal Ordinances, sec. 39.)

The same author, in section 14, says: "The general requisites of a valid municipal ordinance, one legally binding upon all whom it is designed to operate, may be thus briefly summarized: * * * 3. It must relate to a subject within the scope of the corporation. 4. It must be in harmony with the constitution of the United States and the state, the laws of the United States and the state, the municipal charter and general principles of the common law in force in the state. * * * 10. It must be enacted in good faith, in the public interest alone and designed to enable the corporation to perform its true functions as a local governmental organ."

Numerous authorities supporting the text are cited by the author. See, also, *Lewis* v. *Webb*, 3 Me. 326; *City of Richmond* v. *Dudley*, 129 Ind. 112, 28 Am. St. Rep. 180.

The authorities cited by counsel for relator all go to the question of the right to the writ of *mandamus,* assuming that the proposed ordinance would be a valid municipal law if enacted. Neither in the brief nor in the oral argument of counsel for relator has there been an authority cited that would support the validity of the proposed ordinance. In view of the facts that the city attorney had advised the city council, in effect, that the proposed ordinance would be void if enacted, because it granted a special privilege, and that the city council had refused to submit the proposed ordinance to popular vote because of this reason, and that no serious attempt appears to have been made to controvert this contention, we are justified in assuming that counsel for relator were unable to find authority to the contrary.

4. Counsel for relator dwell upon the fact that the provisions of the charter relative to the initiative and

referendum of city ordinances have been complied with, and, if we understand their position correctly, it is their contention that that is decisive of the case. But a so-called proposed ordinance in proper form, .that could never be an ordinance in substance, is not· a proposed ordinance any more than. an act of a legislature in violation of the constitution would be a statute. The initiative and referendum provisions of the city charter provide an additional method for the adoption of ordinances, but the fact that such method is pursued adds no additional validity to the ordinance. If the ordinance would be void if adopted by the city council, the infirmity would not be cured by its adoption by a vote of the electors of the city. (*Long* v. *City of Portland,* 53 Or. 92, 98 Pac. 1111; *Brazell* v. *Ziegler,* 26 Okl. 826, 110 Pac. 1052; *Giddings* v. *Trustees,* 133 Pac. 479.)

The writ prayed for is denied..

MCCARRAN, J.: I concur.

TALBOT, C. J., concurring:

I concur. The so-called proposed ordinance, the passage of which by the voters of the city is sought to be obtained by compelling the council to call a special election, would, if carried at such an election, be a license, which is distinguishable and ordinarily understood to mean something different from an ordinance. Any general regulation regarding city licenses may be regarded as an ordinance, but an ordinance such as may be submitted for passage at a referendum vote at a special election under the city charter is a municipal law, rule or regulation of a more public and permanent nature than a mere license to an individual to sell liquor. Such a license is defined by the Standard Dictionary: "In municipal law, an official permit to carry on a business not otherwise .allowed"; and by Webster: "A formal permission from the proper.authorities to perform certain acts or to carry on a certain business which without such ·permission would be illegal; also, the document embodying such permission; as, a

license to preach, to practice medicine, to sell gunpowder or intoxicating liquors."

Among the references in Words and Phrases Judicially Defined, the following appear in volume 6, page 5024:

"In Dill. Mun. Corp. (4th ed.) sec. 307, it is said that in this country the word 'ordinance' is limited in its application to the acts or regulations in the nature of local laws, passed by the proper assembly or governing body of the corporation. An 'ordinance' means a local law prescribing a general and permanent rule. (*Citizens' Gas and Mining Co.* v. *Town of Elwood,* 16 N. E. 624, 626, 114 Ind. 332; *Shattuck* v. *Smith,* 69 N. W. 5, 11, 6 N. D. 156.) * * * An ordinance is in the nature of a local statute. * * * (*Evison* v. *Chicago, St. P., M. & O. R. Co.,* 45 Minn. 370, 375, 48 N. W. 6, 11 L. R. A. 434.) The word 'ordinance,' as applicable to the action of a municipal corporation, should be deemed to mean local laws passed by the governing body. The legislature of the state passes laws and makes rules for the government of its procedure. So, a municipal corporation passes laws, called 'ordinances,' and enacts rules. The same distinction that exists between laws and rules made by the legislature should be held to exist between rules and ordinances enacted by a municipal corporation. * * * (*Armatage* v. *Fisher,* 26 N. Y. Supp. 364, 367, 74 Hun, 167.)"

In the note (Dill. Mun. Corp. vol. 1, p. 384) it is stated that: "A *resolution* is an order of the council of a special and temporary character; an *ordinance* prescribes a permanent rule of conduct or government. (*Blanchard* v. *Bissell,* 11 Ohio St. 96, 103.)"

In my opinion, the power of the city council is absolute under the special provision of section 10, article 12, of the charter, which authorizes the council "to fix, impose and collect a license tax on, regulate, prescribe the location of or suppress any and all places where intoxicating drinks are sold or given away." It is apparent that by so specifically giving the control of such licenses to the council, and providing that elections may be called for the

submission to the voters of proposed ordinances, without stating, either in the section relating to ordinances or as a proviso to the one relating to licenses, that an election may be called to determine whether licenses shall be issued, the legislature under the usual definitions and distinctions, treated "ordinances" as distinct from "licenses," and made no provision for an election regarding them.

In McQuillin on Municipal Corporations, volume 1, page 825, it is said that: "Where the grant conferring the power is a complete enactment within itself, the provision, whether charter or statutory, becomes self-enforcing, and therefore legislation by ordinance is not required."

If, contrary to the will of the city council, the relator may force the calling of a special election, every other applicant who is denied such a license may also demand or require the calling of a special election. If a city liquor license were held to be a city ordinance or municipal law, in order to be consistent it would be necessary to hold that a county or state liquor license is a state law, and any person who is refused a state liquor license under the statute providing for the issuance of such licenses could by referendum demand submission at a state election of the question whether he should be granted a license.

Under our statute and decisions it is well settled that a license may be revoked. (*Wallace* v. *City of Reno*, 27 Nev. 71.) If a license were considered as an ordinance or law which could be passed and enforced by referendum vote, the further question might arise whether any person whose license had been revoked by proper authority or had expired at the end of the quarter if a city or county license, or at the expiration of a year if a state license, would have the right by referendum to ask the voters at an election, city, county, or state, to determine whether his license should be restored or a new one granted to him, and we might soon have a long list of ordinances and municipal and state laws carried or rejected at numerous expensive elections, which when passed would be nothing more than licenses as commonly

understood and the issuance of which to any individual is within the detail and routine work of the city council, under the ordinances and laws of a general nature relating to such licenses.