[Civ. No. 2293.    Second Appellate District.—September 18, 1917.]

FLORA J. STARBUCK, Appellant, v. CITY OF FULLER-
TON et al., Respondents.

MUNICIPAL CORPORATIONS—INITIATIVE AND REFERENDUM—INAPPLICABIL-
ITY TO LOCAL IMPROVEMENTS.—Section 1 of article IV of the Con-
stitution, reserving to electors of municipalities the right of the
initiative and referendum, was not designed to furnish a means by
which street improvements local in character can be either com-
menced or prevented.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

C. R. Allen, and Charles Cassat Davis, for Appellant.

E. J. Marks, and Homer C. Ames, for Respondents.

JAMES, J.—Plaintiff's petition for a writ of mandate was denied in the superior court and she appeals from the judg-

ment. The question presented is as to whether a resolution adopted by the board of trustees of the city of Fullerton, wherein such trustees declared it to be their intention to open a public street over certain property and within the boundaries of a certain district which was described as embracing property to be benefited by the improvement and which it was the intention to assess to pay the costs and expenses thereof, was subject to the referendum provisions of the Constitution of the state and the acts of the legislature.

From the stipulation of facts it appeared that there were nineteen several owners of land within the district described in the resolution, fifteen of whom were consenting owners, the plaintiff being one of those not consenting; that there were one thousand two hundred qualified electors residing within the city of Fullerton and twenty qualified electors residing within the assessment district; that there were 10,755 acres of land within the corporate limits of the city of Fullerton, and about 264 acres of land within the assessment district. It was further stipulated that on the twenty-sixth day of January, 1916, a petition duly signed by a sufficient number of qualified electors of the city of Fullerton was filed with the city clerk and presented to the board of trustees, which petition requested that the resolution be either repealed or submitted to a vote of the electors of the city; that the city clerk refused to certify to the sufficiency of the petition and the board of trustees refused to either reconsider or repeal the resolution, or submit it to a vote. The Constitution of the state reserves to the electors of cities the right to initiate legislation and to have proposed legislation referred to a vote. This right is, as is stated in the Constitution, "to be exercised under such procedure as may be provided by law." (Const., art. IV, sec. 1.) The legislature, in 1912, adopted an act to provide the necessary procedure to enable electors of cities to enjoy the right secured to them under the provision of the Constitution. This act was amended in its general substance by the legislature in 1915 (Stats. 1915, p. 319), and provides that proposed ordinances are subject to the initiative and referendum. For the purposes of this case we may assume, although that matter is made the subject of discussion in the briefs, that a resolution of intention such as that adopted by the board of trustees of the city of Fullerton was in effect an ordinance. The question, then, is

squarely presented as to whether an ordinance adopted by the legislative body of a municipality and which, while legislative in character, is one designed to provide for improvements local to a part of the city only, is one against which the right of referendum can be invoked. If the right of referendum can be invoked in such a case, then the corollary right to initiate legislation of the same kind must be conceded to exist. If the latter right does exist, it then follows that a proceeding may be initiated by electors of a distant part of a city to compel the opening of a street in another part of the same city and to have the costs thereof assessed upon property owners other than the electors who both initiate and decide upon the advisability of having the improvement made. We think that the initiative and referendum were not intended nor are they designed to apply to such a case. Our supreme court has, in the case of *Hopping* v. *Council of City of Richmond,* 170 Cal. 605, [150 Pac. 977], considered the general subject involved as applied to an ordinance or resolution affecting electors or property owners of an entire city, and the court there, as we understand that decision, holds that whether the legislation be by resolution or ordinance is immaterial; that referendum proceeding may be made to affect it so long as it answers to the character of "legislation" and is of general effect. That court has suggested that there may be grounds for excluding from the operation of the initiative and referendum powers legislative acts special and local in their nature. No opinion is expressed as to how the minds of the court might settle on that proposition, and we are expressly told in the decision that what is therein said must not be understood as expressing any intimation of the views of the court on that particular matter. It was not necessarily involved in the decision. In our opinion, the constitutional provision giving and guaranteeing to electors the right to the initiative and referendum was not designed to furnish a means by which street improvements local in character can be either commenced or prevented by the use of the initiative or referendum. We therefore agree with the conclusion arrived at by the trial judge.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.