[S. F. No. 11548. In Bank.—March 26, 1925.]

ALFRED MYERS, Petitioner, v. FRANK D. STRINGHAM et al., as Members of the City Council of the City of Berkeley et al., Respondents.

[1] MUNICIPAL CORPORATIONS—CHARTERS—ORDINANCES—INITIATIVE.— Where under the initiative provisions of a municipal charter a proposed ordinance must first be submitted to the council for its adoption or rejection and may thereafter be submitted to the electors of the city only in the event the council refuses to adopt it, any ordinance which may be adopted under said provisions must be such as might properly and legally be adopted by the council itself.

[2] ID.—FORM OF ORDINANCE.—Where a city charter provides that no ordinance shall be revised, re-enacted or amended by refer-

ence to its title only, but shall be set forth and adopted in the method provided for the adoption of ordinances, a proposed ordinance does not conform to this requirement where it is in effect an amendment of a section of an ordinance by adding a subsection and the section itself is not set forth as prescribed.

[3] ID.—PURPOSE OF CHARTER PROVISION.—The purpose of a provision of a municipal charter, requiring that no ordinance shall be revised, re-enacted or amended by reference to its title only, but shall be set forth and adopted in the method provided for the adoption of ordinances, is to compel an ordinance to disclose on its face something of its purpose and effect as a legislative enactment.

[4] ID.—CERTIFICATION OF ORDINANCE—MANDAMUS.—If in any event a proposed ordinance would be void, *mandamus* will not lie to compel its examination and certification by a city clerk under the initiative provisions of the city charter.

---

(1) 28 Cyc., p. 352, n. 48 New.   (2) 28 Cyc., p. 381, n. 25.   (3) 28 Cyc., p. 381, n. 28.   (4) 38 C. J., p. 692, n. 13; 28 Cyc., p. 352, n. 48 New.

APPLICATION for Writ of Mandate to compel the City Counsel and City Clerk of Berkeley to examine and certify an initiative petition and to either pass a proposed ordinance or submit it to a vote of the electors.   Writ denied.

The facts are stated in the opinion of the court.

Frank V. Cornish for Petitioner.

E. J. Sinclair and James M. Koford for Respondents.

THE COURT.—The petitioner seeks a writ of mandate to compel the city clerk of the city of Berkeley to examine and certify as sufficient a petition prepared and presented under the initiative provisions of the city charter; also to compel the city council to adopt a proposed ordinance set forth in the petition or in the event the proposed ordinance be not adopted to submit the same to a vote of the electors of the city as provided by law.   The proposed ordinance purports to amend Ordinance No. 666, N. S., which is the city's general zoning ordinance, by adding a new subsection to section 3 to be known as subsection (a–59), and by re-

pealing subsection 30 of section 7 of said ordinance. The purpose of the amendment as shown by the petition herein is to reclassify certain property on Dwight Way near Grove Street. Section 1 of the proposed ordinance provides "That Ordinance No. 666, N. S., entitled: 'An ordinance regulating and districting the location of residences, trades, industries, businesses and the several classes of public and semi-public buildings, and the location of buildings designed for specified uses, and establishing the boundaries of districts for the said purposes, and repealing certain existing ordinances or portions thereof,' be and the same is hereby amended by adding thereto a new subsection to Section 3 to be known as Subsection (a–59) to read as follows: Subsection (a–59). Beginning at the point of intersection of the western line of Grove Street and the southern line of Dwight Way, running thence westerly along said southern line of Dwight Way one hundred and fifteen (115) feet; thence one hundred twenty-nine and 69/100 (129.69) feet southerly parallel with said western line of Grove street; thence easterly one hundred and fifteen (115) feet to said western line of Grove Street; thence northerly along said western line of Grove Street to the place of beginning; also

"Beginning at the point of intersection of the western line of Grove street and the northern line of Dwight Way, running thence westerly along said northern line of Dwight Way one hundred thirteen and 60/100 (113.60) feet; thence northerly one hundred thirty-four and 80/100 (134.80) feet parallel to said western line of Grove Street; thence easterly one hundred thirty-eight and 83/100 (138.83) feet parallel to said northern line of Dwight Way to the said western line of Grove Street; thence southerly along said western line of Grove Street to the place of beginning."

Section 2 of the proposed ordinance provides: "Subsection 30 Section 7 of said Ordinance No. 666 N. S. is hereby repealed."

The respondent city clerk refuses to examine the petition for the reason, among others, that "the proposed ordinance attempts to amend the existing ordinance (666, N. S.) by amending a section or portion of section without setting forth the section in full as provided by article VIII of the charter of the city of Berkeley."

Subdivision 10 of section 44 of article VIII of the charter reads as follows: "No ordinance shall be revised, re-enacted or amended by reference to its title only; but the ordinance to be revised or re-enacted, or the section or sections thereof to be amended, or the new section or sections to be added thereto, shall be set forth and adopted in the method provided in this section for the adoption of ordinances." (Stats. 1909, p. 1229.)

[1] Section 44 of the charter, it is true, purports to govern the action of the city council as the legislative body of the city and does not purport in terms to govern legislation by the initiative. But under the initiative provisions of the charter the proposed ordinance must first be submitted to the council for its adoption or rejection and may thereafter be submitted to the electors of the city only in the event the council refuses to adopt it. Under such circumstances any ordinance which may be adopted under the initiative provisions of the charter must be such an ordinance as might properly and legally be adopted by the council itself. (*State* v. *Reno City Council,* 36 Nev. 334 [50 L. R. A. (N. S.) 195, 136 Pac. 110].)

[2] The proposed ordinance is not in conformity with the requirements of the charter. In effect it is an amendment of a section of the ordinance by adding a subsection and the section itself is not set forth as prescribed. [3] The purpose of the charter provision is plain. It is to compel an ordinance to disclose on its face something of its purpose and effect as a legislative enactment. The wisdom of the requirement is at once apparent from an inspection of the proposed ordinance. The new subsection sought to be added to the section by amendment is no more than a description of certain real property. It does not purport to disclose what the effect of its adoption would be either on the status of the particular property described or on its relation to the general zoning classifications in the city. Considered in and by itself it is unintelligible and meaningless. It cannot be determined from its inspection what is sought to be accomplished. If the petition were examined and certified and the proposed ordinance were submitted to the council for adoption and were passed by that body it is obvious that it would not constitute a valid enactment because it is not in form in accordance with the re-

quirements of the charter. If the council should refuse to adopt the proposed ordinance and were required to submit it to a vote of the electors of the city and the requisite number of votes were to be cast in favor thereof it would still lack the sanction of the charter to give it legality.

[4] If in any event the proposed ordinance would be void, mandamus will not lie to compel its examination and certification for the reason that the writ may not be used to compel the performance of an act which would have no effect in law. (*Wilson* v. *Blake*, 169 Cal. 449 [Ann. Cas. 1916D, 205, 147 Pac. 129]; *Hyde* v. *Wilde*, 51 Cal. App. 82 [196 Pac. 118]; 16 Cal. Jur. 777, and cases cited.)

Other points are made in opposition to the issuance of the peremptory writ, but the foregoing discussion and determination renders it unnecessary to consider them.

The peremptory writ is denied and the alternative writ is discharged.