O’NIELL, Chief Justice.
 

 The relators in this case are fifty electors in the City of Shreveport. They are proceeding by mandamus to compel the mayor and councilmen to take action upon a proposed ordinance, either by adopting it or by submitting it to a vote of the electors of the city, at an election to be called for the purpose. The mayor and councilmen are appealing from a judgment making the mandamus peremptory.
 

 The object of the proposed ordinance is to regulate and restrict the number of hours the firemen and fire-alarm operators in the city shall be required to be on active duty, and to provide penalties for violation of the ordinance.
 

 The City of Shreveport is governed by Act No. 302 of 1910, which provides a form of government which certain classes of cities may adopt. The statute has been succeeded by Act No. 13 of the Third Extraordinary Session of 1934, having the same object. It is contended by the relators that the City of Shreveport is not subject to the provisions of the act of 1934 because the' citizens have not voted to adopt the act; but it is declared in the repealing clause, in section 21, of the act of 1934 that the cities that have adopted the provisions of the act of 1910 shall continue to be governed by that act “as modified by this act” — the act of 1934— “and except as otherwise provided herein”. •
 

 In Section 14 of the act of 1910, and in Section 16 of the act of 1934, it is declared that, if a proposed ordinance is accompanied by a petition signed by a number of electors not less than a third of the number of votes cast for all candidates for mayor in the last preceding general election, and if the sufficiency of the number of petitioners is verified by the certificate of the registrar of voters, the council shall either adopt the ordinance within twenty days or forthwith submit it to a vote of the electors of the city. The petition in this instance was signed by more than the necessary number of electors; and the fact was verified by the certificate of the registrar of voters, as required by the statute. Nevertheless the council refused to adopt the ordinance, and refused to submit it to a vote of the electors.
 

 In response to the rule to show cause why the mandamus should not be grant
 
 *512
 
 ed, the mayor and counci-lmen filed an exception of no cause or right of action, and an answer setting forth in twenty-two numbered articles their reasons for refusing to take action -upon the proposed ordinance. The relators then filed a plea which they called a motion to strike out the articles numbered 9 to 22, inclusive, in the defendants’ answer. The judge overruled the defendants’ exception of no cause or right of action, and maintained the relators’ so-called motion to strike out, to the extent of ordering articles numbered 13 to 22, inclusive, stricken from the defendants’ answer. The case was heard then on the remaining issues, and resulted in a judgment for the relators.
 

 The appellants complain first of the ruling of the judge “striking out” the allegations contained in the last ten articles in their answer; and they cite the case of Babst v. Hartz, 161 La. 427, 108 So. 871, where it was said that it was not permissible for a judge to strike out from any pleading any pertinent matter couched in language not offensive. In that case it was said that if the defense which was set up in the answer to the suit was not sufficient in law, the plaintiffs’ remedy was to take a rule on the defendants for a judgment on the petition and answer, according to the provisions of Act No. 300 of 1914, known as-the Pleading and Practice Act. There is no provision in the Pleading and Practice Act, or in the Code of Practice, for such a pleading as a motion to strike out; and our opinion is that the Code of Practice and the Pleading and Practice Act contain everything that is necessary or useful in the regulation of pleading and practice in this State. A better practice, in a case like this, is either to ask for a judgment on the petition and answer or to object to the introduction of evidence in support of any allegation under which the ¿vidence might not be relevant. In that way a record is made of the evidence that is offered, for use in the appellate court in case of an appeal; and nothing' is stricken out. It is argued for the relators that the condemning of the motion to strike out, in Babst v. Hartz, had reference only to “pertinent matter” in a defendant’s answer; and it is said that the allegations which were stricken from the defendants’ answer in the present case were not pertinent matter. What the court meant by referring to the allegations as “pertinent matter”, in Babst v. Hartz, was that the allegations were not impertinent, or not foreign to the subject of the lawsuit. It goes without saying that an allegation in the answer to a lawsuit should not be stricken out if evidence to support it would be pertinent or relevant to some issue in the case.
 

 The striking out of the last ten of the twenty-two allegations in the defendants’ answer in this case did not leave the record in any worse condition than that in which it would be if the relators had bided their time and had objected to the offering of evidence to support the allegations. They are in the record, and they disclose that proof of them would not be admissible. There is no necessity for quoting the allegations here. They merely set forth the reasons why the mayor
 
 *514
 
 and councilmen deemed it inadvisable, from a standpoint of economy, to adopt the proposed ordinance. That is a question which the council is required by the statute to submit to the electors, in any case where the council does not see fit to adopt the ordinance. A municipal council has no authority to decide the question of wisdom of an initiative ordinance which has been presented properly to the council. 43 C.J. Sec. 963, p. 592; State ex rel. Fleck v. Dalles City, 72 Or. 337, 143 P. 1127, 1128, Ann.Cas,1916B, 855. In the latter case it w&s said: “The question of the wisdom of municipal legislation proposed by initiative or of difficulties in its execution does not affect the question of its validity.”
 

 The next complaint of the appellants is made in their exception of no cause or right of action. The exception presents two separate and distinct complaints. The first complaint is that the electors, in their petition to the council to either adopt the ordinance or submit it to a vote of the electors, did not give the street address of each petitioner, or state his age or length of residence in the city. That information was not given as to any of the petition. The petition, however, was supported by the certificate of the registrar of voters, showing that the necessary number of the petitioners were qualified electors in the city. The defendants rely upon Section 8 of Act No. 302 of 1910 and Section 11 of Act No. 13 of the Third Extraordinary Session of 1934, where it is said: “That petitions provided for in this Act shall be signed by none but qualified electors of the city. Each petition shall contain, in addition to the names of the petitioners, the street and house number in which petitioner resides, whenever practicable, his age, and length of residence in the city.”
 

 It is declared also in that section of the act of 1934 that the petition shall be accompanied by the certificate of the registrar of voters of the parish, stating that the signers of the petition were at the time of signing qualified electors of the city, and stating the number of such signers, and the fact that they constituted the necessary number of electors, as required by the statute. In the corresponding section — Section 8 — of the act of 1910, the affidavit of one or more of the electors was required, instead of the certificate of the registrar of voters. The relators argue that the petitions that are referred to in Section 8 of the act of 1910 and in Section 11 of the act of 1934 are the petitions of the citizens to adopt the form of government provided for by the act, and not the petitions of electors asking the city council to adopt a proposed ordinance or submit it to a vote of the electors. The argument is supported by the fact, that everything in the act of 1910 preceding Section 8, and everything in the act of 1934 preceding Section 11, relates to the method of adopting the form of government provided for in the act. Petitions for the adoption of a proposed ordinance are provided for in Section 14 of the act of 1910 and in Section 16 of the act of 1934; and there is no requirement in either of these sections that the petitioners shall give the street address of each petitioner, or state his age and term of resi
 
 *516
 
 dence in the city. We prefer, however, to rest our ruling on this question upon the idea that, if the information concerning the street address and the age and term of residence of each petitioner is required in a petition for the submission of a proposed ordinance, the information is required primarily if not only as a matter of convenience, to facilitate the checking of the names of the petitioners and to verify the fact that the required number of them are qualified electors. It is not disputed that the. petition which was presented to the city council in this instance'1 was signed by the necessary number of qualified electors, as certified by the registrar of voters before the council refused to take action upon the petition. The refusal was not based upop any defect in the petition, or upon a want of proof that the signers of the petition constituted the required number of qualified electors residing in the city. When the petition was presented first it was not supported by a certificate of the registrar of voters. For that reason the council refused to act upon the petition. The petitioners then obtained the required certificate of the registrar of voters, and their attorney went before the council in open session and again requested the council to adopt the ordinance. , In response to the request the mayor informed the attorney for the petitioners that, the council would not take any further action on the petition. That fact is admitted ,in the answer to this suit. If the mayor or any councilman had complained that the petition did not inform him of the. street address or-of the age or term of residence of each petitioner, at the time when the mayor in the open session of the council informed the attorney for the petitioners that the council would pot take any further action on the petition, the petitioners might have supplied the information, — even though it would have served no purpose after the registrar of- voters had certified that a sufficient number of the petitioners were qualified electors residing in the city.
 

 When the people exercise their reserved power of initiative and referendum they must comply, substantially, with the statutory requirements; but the requirements must be given a reasonable if not liberal construction. Ley v. Dominguez, 212 Cal. 587, 299 P. 713. Our conclusion on this subject is that the defendants’ complaint, being urged for the first time in response to this suit, that the petition asking them to- adopt the ordinance did not inform them of the street address or of the age or term of residence of the petitioners, came too late to be of any importance.
 

 The other defense urged in the exception of no cause or right of action is that the proposed ordinance, if adopted by a vote of the electors, would conflict with the statute on the subject, Act No. 61 of 1920, and therefore would be void. The statute is entitled an act to promote the efficiency of paid fire departments in cities having 10,000 or more inhabitants, — except New Orleans,. — and defining the conditions under-which they shall be operated.
 

 The plaintiffs contend that the council has no right to contest the validity of the ordinance before the voters have had an
 
 *518
 
 opportunity to adopt it. In support of the argument the plaintiffs cite the rule that the courts will not enjoin a municipal council from adopting an ordinance on a subject committed to its jurisdiction. The rule is recognized in 32 C.J. Sec. 412, p. 262, and in Harrison v. City of New Orleans, 33 La.Ann. 222, 39 Am.Rep. 272; and New Orleans Elevated R. Co. v. Mayor and Council of New Orleans, 39 La.Ann. 127, 131, 1 So. 434.
 

 The defendants, on the other hand, rely upon the rule that a vote of the people cannot validate an invalid ordinance, and .hence that mandamus will not lie to compel a municipal council to submit an invalid ordinance to the voters for their adoption or approval. The rule is sustained by the following authorities: Hyde v. Wilde, 51 Cal.App. 82, 196 P. 118; Myers v. Stringham, 195 Cal. 672, 235 P. 448; State ex rel. Davies v. White, 36 Nev. 334, 136 P. 110, 50 L.R.A.,N.S., 195; McQuillan on Mun.Corp.2d Ed., Sec. 366; 43 C.J. Secs. 951 and 952.
 

 It is not necessary to decide in this case whether the municipal council could be compelled by mandamus to submit the proposed ordinance to a vote of the electors if the ordinance would be invalid. We have concluded that the ordinance, if adopted, will not be invalid, or violative of Act No. 61 of 1920. The purpose of the act of 1920, as we have said, is to promote the efficiency of paid fire departments in all cities having 10,000 or more inhabitants, except New Orleans. Shreveport is in the class of cities to which the statute is applicable. The principal provision in the statute is that it requires the fire departments to be divided into two forces or platoons, — a day force and a night force. The proposed ordinance requires that no member of the uniformed force of the fire department shall be required or permitted to work more than 144 hours in any 14-day period, except in an extraordinary emergency, and requires that every employee in the department shall have not less than 15 days leave of absence annually, with full pay. The proposed ordinance requires also that the operators of the alarm system. shall not be required or permitted to work more than 8 hours in any 24-hour period, and shall not be required or permitted to work more than 6 8-hour days in any 7-day period, except on the days for changing shift. The provisions of the ordinance go further than the statute requires the city to go in its purpose to promote the efficiency of the fire department; but there is nothing in the ordinance opposed to the provisions of the statute. The only reasonable interpretation of the statute is that it prescribes minimum requirements for promoting the efficiency of fire departments. The State is not concerned otherwise in the matter of regulating the operation of any city’s fire department. A municipality cannot permit by ordinance what a statute forbids, or forbid what a statute expressly permits, but it may supplement a statute or cover any part of an authorized field of local legislation that is not covered by state legislation. Power v. Nordstrom, 150 Minn. 228, 184 N.W. 967, 18 A.L.R. 733, 738. When the legislature has assumed to regu
 
 *520
 
 late a given course of conduct by prohibiting certain local enactments, a municipality with subordinate authority to legislate on the subject may make such new and additional regulations in furtherance of the purpose of the state law as may seem fit and appropriate to the necessities of the locality and be not in themselves unreasonable. Mann v. Scott, 180 Cal. 550, 182 P. 281. An example of this is given in Re Hoffman, 155 Cal. 114,
 
 99
 
 P. 517, 132 Am.St.Rep. 75, where it is suggested that if the state should pass a law fixing the height beyond which it would be unlawful to erect a chimney, no one would doubt that any city in the state and within an earthquake zone might further restrict the height of chimneys within the city.
 

 The judgment is affirmed.