On the Merits
“The Board of Tax Appeals in its decision reversing the action of the City Council held as a fact that the building in which applicant proposes to sell beer is more than 500 feet from the Win-bourne Avenue Baptist Church. It said:
“ ‘As a matter of fact, the church building is nearly two city blocks distant from Mr. Marino’s place of business.’
“Having reached this conclusion, the Board said:
“ ‘There is no need for us to pass upon the validity of the City Ordinance which establishes 500 feet as the prohibited distance instead of 300 feet as fixed by Revised Statutes 26:280, as counsel for petitioner would have us do.’
“In view 'of the importance of the case, however, I will discuss all of the issues presented, including the questions considered by the Board.
“Let us as a preface to what is to be said quote from several sections of the LSA-Reviscd Statutes pertinent to the case.
“Section 494 of Title 26 provides that:
“ ‘Except as limited by the provisions of this Chapter, the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by 'Chapter 3, this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. However, no parish or municipality shall, in the exercise of its *591 police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. }|« ‡ >}i >
“Section 26:280 provides in part as follows:
“ ‘26:280. A. No permit shall be granted under this Chapter in contravention of any municipal ordinance adopted pursuant to the zoning laws of the state.
“ ‘B. No permit shall be issued by state or local authorities to authorize the conduct of business in any subdivision of the state wherein that business has been prohibited by referendum vote.
“ ‘C. When prohibited by municipal or parish ordinance, no permit shall be granted for any premises situated within three hundred feet or less, as fixed by the ordinance, of a public playground or of a building used exclusively as a church or synagogue, public library, or school * * *
“Section 26:80 of the Revised Statutes reads as follows:
“ ‘A. No permit shall be granted under this Chapter in contravention of any municipal or parish ordinances adopted pursuant to the zoning laws of the state.
“ ‘B. No permit shall be issued by the board or by any municipality or parish to authorize any business in any subdivision of the state where that business has been prohibited by referendum vote.
“ 'C. Governing authorities of parishes and municipalities may enact ordinances to prohibit the conduct of alcoholic beverage businesses within a certain distance of a parish or municipal public playground or of a building used exclusively as a regular church or synagogue, public library, or school, except a school for business education conducted as a business college. No state or local permit shall be issued in contravention of any such ordinance.
“ ‘In municipalities the prohibition may not extend more than three hundred feet from the church, synagogue, library, school, or playground. The measurement of this distance shall be made as a person walks using the middle of the sidewalk from the nearest point of the property line of the church, synagogue, library, playground, or school to the nearest point of the premises to be licensed.
“ ‘Outside of municipalities, parish ordinances may extend the prohibition to a distance of five hundred feet of the ■church, synagogue, library, school, or playground. If the area is undeveloped and there are no sidewalks, the measurement of this distance shall be in a straight line from nearest point to nearest point. If there are sidewalks, the method provided for municipalities shall be used to measure the distance. The prohibition in this Sub-Section does not apply to any premises which are maintained as a bona fide hotel, railway car, or fraternal organization, nor to any premises which has been licensed to deal in alcoholic beverages for a period of one year or longer prior to the adoption of the ordinance.’ ”
Both sections, that is 26:80 and 26:280, were adopted by the Legislature in 1948.
This latter section, 26:80, pertains to alcoholic beverages of a higher alcoholic content than beer. It is significant, however, that the distance therein referred to for the sale of hard liquors from a church is only 300 feet, while the City ordinance here involved requires a greater distance, — ■ 500 feet for the right to sell beer.
Learned counsel for the City contend that the Legislature had no intention to limit the power of muncipalities with respect to beer permits to a distance of 300 feet. It is argued that if such had been its intention it would 'have so declared as it did declare with respect to hard liquors in section 26:80.
Admitting in effect the difference between the ordinance and the provisions of LSA-Revised Statute 26:280, learned counsel say:
“In this regard, it is a generally accepted principal that an ordinance en *592 acted in the exercise of the police power is not necessarily inconsistent with a state law on the same subject because it provides for a greater restriction, or prescribes higher standards than is ordained by the state statute. State ex rel. Sutton v. Caldwell, 195 La. 507, 197 So. 214; McQuillin Mun.Corp., 2nd Sec. 924, page 39. The test is not whether the local provision is more or less arduous than the state’s regulation but whether or not the local provision is unreasonable or arbitrary, and as noted above, no proof has been adduced which would indicate that the 500 foot requirement is unreasonable”.
What was held in the Sutton-Caldwell case, supra, was simply that a municipality cannot permit by ordinance what a State statute forbids or forbid what a State statute expressly permits, but it may supplement a statute or cover any part of an authorized field of legislation that is not covered by the statute.
The questions here presented are (1) Does the State statute prescribe a distance of 300 feet from a church for the sale of both hard liquors and beer; and (2) Does the City 'by the provisions of LSA-Revised Statute 26:494 in the exercise of its police power have the authority to fix the distance from a church at which beer can be sold as much as 500 feet?
Obviously, under the State statutes the maximum distance from a church for the sale of either beer or hard liquors is 300 feet.
After a careful consideration of this case, I am of the opinion that Sections 26:494 and 26:280 should be read together and that it was the intention of the Legislature to place a definite limitation on the police power conferred upon the City, that is, to limit its authority to fix the distance from a church for the sale of beer to 300 feet,— the same distance prescribed for the sale of hard liquors.
I cannot conceive that the Legislature ever intended to say that one has to get 500 feet away from a church to sell beer while he has to move only 300 feet away from a church to sell whiskey.
In a word, I think the City ordinance goes beyond the power conferred by the Legislature and that the City’s authority goes no further than to prescribe the prohibited distance from a church for the sale of beer at 300 feet.
I do not think that there is any merit in the constitutional questions raised by counsel for the applicant.
As to the ruling by the Board of Tax Appeals that in measuring 300 feet or 500 feet from a church as the case may be the measurement must begin at the church building and run to the proposed place of business, I can only say that the correctness thereof is more apparent from the statute than is the City’s contention that the measurement can or should begin at a vacant lot leased to the church and upon which there are no buildings of any kind. If the Legislature had intended that the measurement begin at the property line of the church, regardless of the acreage therein included and regardless of the size of the property, it could have easily said so. It seems to me that if either the Legislature or the City had intended that the measurement be made from the property line (property owned by the church or leased by the church) it would have so declared in clear and unmistakable language, such language as for instance is used in the City ordinance prohibiting the sale of intoxicants “within a half mile of any part of the main campus of Louisiana State University”.
“For the reasons assigned by the Board of Tax Appeals and for the additional reason that I think the City ordinance goes beyond the authority vested' in it by the Legislature, the decision of the Board of Tax Appeals is affirmed.”
Judgment affirmed.